FILED
2026 Aug-06 PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **EDUAR JOSE PINA MEZA,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] |
| **v.** | ] **Case No. 7:26-cv-1331-ACA-GMB** |
| | ] |
| **JORDAN POWELL, et al.,** | ] |
| | ] |
| **Respondents.** | ] |

## MEMORANDUM OPINION

Petitioner Eduar Jose Pina Meza filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing. (Doc. 1). Mr. Pina Meza's petition asserts four causes of action: (1) violation of 8 U.S.C. §§ 1225 and 1226(a) ("Count One"), (2) violation of his Fifth Amendment substantive due process rights ("Count Two"), (3) violation of his Fifth Amendment procedural due process rights ("Count Three"), and (4) violation of the class-wide judgment in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025) ("Count Four"). (*Id.* ¶¶ 31–62). Because Mr. Pina Meza is entitled to an individualized bond hearing but not immediate release, the court **WILL GRANT IN PART** and **DENY IN PART** Mr. Pina Meza's petition.

## I.   BACKGROUND

Mr. Pina Meza is a Venezuelan citizen married to a United States citizen. (Doc. 1 ¶ 27; *see id.* at 33; doc. 9-1 ¶ 4). In 2023, Mr. Pina Meza entered the United States and was paroled after a judicial determination that he has a significant probability of eligibility for asylum. (Doc. 1 ¶ 27; doc. 9-1 ¶¶ 5–7). Mr. Pina Meza married a United States citizen the following year, and he applied to adjust his status to "Lawful Permanent Resident." (Doc. 1 ¶ 27). At the same time, his husband submitted a spousal petition for Mr. Pina Meza's benefit. (*Id.*).

On July 27, 2026, Mr. Pina Meza and his husband appeared for an interview related to the spousal petition and adjustment of status at the United States Citizenship and Immigration Services office in Montgomery, Alabama. (Doc. 1 ¶ 29). ICE agents took Mr. Pina Meza into custody there and detained him at the Pickens County Detention Center. (*Id.*; *see id.* at 33; doc. 9-1 ¶ 8). Mr. Pina Meza was subsequently transferred to Adams County Correctional Center in Mississippi, where he remains detained. (Doc. 9-1 ¶ 9).

## II.   DISCUSSION

### 1.  Proper Respondent

Mr. Pina Meza filed his § 2241 petition against the Sheriff of Pickens County, the United States Attorney General, the United States Secretary of Homeland Security, the acting director of the United States Immigration and Customs

2

Enforcement ("ICE"), the ICE New Orleans office field director, and the acting supervisory detention and deportation officer of the ICE New Orleans office. (*Id.* at 1). Before considering the merits of Mr. Pina Meza's petition, the court must dismiss all claims against the Pickens County Sheriff.

A district court may grant relief against a properly named respondent in a § 2241 petition. *Braden v. 30th Jud. Cir. Ct. of Ky*, 410 U.S. 484, 495 (1973). And the proper respondent in a § 2241 action is the custodian with control over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). After Mr. Pina Meza filed this petition, ICE moved him from the Pickens County Detention Center (doc. 9-1 ¶ 9), so the sheriff is not a proper respondent. The court **DISMISSES** all claims against him.

### 2. Count 1

Mr. Pina Meza's petition argues that he is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a) and is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). (Doc. 1 ¶¶ 31–43). Respondents maintain that because Mr. Pina Meza was processed for removal proceedings in 2023, he is being held pursuant to 8 U.S.C. § 1225(b)(2)(A), which requires mandatory detention. (Doc. 9 at 5–7). However, Respondents acknowledge that this court has already rejected this argument in a nearly identical case. (*Id.* at 5–6); *see Neri v. Warden*, No. 2:26-CV-938-ACA-SGC, 2026 WL 1707620 (N.D. Ala. June 12, 2026). Because the court's

prior analysis in *Neri* applies with equal force here, Mr. Pina Meza is entitled to a bond hearing pursuant to 8 U.S.C. § 1226(a).

Respondents concede that the Eleventh Circuit has held that § 1226 applies to aliens unlawfully in the interior of the country and § 1225 applies to arriving aliens seeking entry at the border. (Doc. 9 at 5–7); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1276 (11th Cir. 2026). In *Neri*, this court determined that under *Hernandez Alverez*, an individual unlawfully in the interior of the country included a petitioner who, like Mr. Pina Meza, was encountered at the border, released on parole, and then detained again several years later. *Id.* at *2. Accordingly, Mr. Pina Meza is detained under § 1226(a), and is entitled to seek a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

The court **WILL GRANT** Mr. Pina Meza's petition on Count One with respect to the bond hearing. Respondents request "a reasonable period of ten days to arrange an individualized bond hearing." (Doc. 9 at 12–13). The court has generally granted Respondents a reasonable period of one week cases in which it has ordered a bond hearing under § 1226. *See*, *e.g.*, *Tepec-Garcia v. Warden*, No. 5:26-CV-1175-ACA-GMB, 2026 WL 2028900, at *3 (N.D. Ala. July 13, 2026). And the court has

4

already granted Respondents an extension of time. (Doc. 8). Accordingly, the court will order Respondents to provide the bond hearing within one week of this order.

Mr. Pina Meza's petition also seeks immediate release. But § 1226 provides for a bond hearing, not release. Accordingly, the court **WILL DENY** this relief.

Because the court grants Mr. Pina Meza's writ of habeas corpus to the extent he seeks an order requiring an individualized bond hearing, the court will not address whether Mr. Pina Meza's other claims require this relief. But Mr. Pina Meza also seeks immediate release. (Doc. 1 at 27). As such, the court will determine whether he is entitled to immediate release under his remaining claims.

3. Count Two

Mr. Pina Meza alleges that his detention violates his fundamental right to be free from confinement. (Doc. 1 ¶¶ 44–49). Respondents argue that Mr. Pina Meza's detention during a deportation proceeding is constitutionally valid. (Doc. 9 at 7–8). The Court agrees with Respondents.

Mr. Pina Meza challenges an executive action: his detention by ICE. (doc. 1 ¶¶ 20–25, 48). So he is entitled to relief "if the action shocks the conscience." *Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232, 1239, 1242–43 (11th Cir. 2025) (quotation marks omitted). "[O]nly the most egregious official conduct" violates substantive due process. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Section 1226, which Mr. Pina Meza contends applies to him (doc. 1 ¶ 43), permits the Executive Branch to detain an alien "pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a). And "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 531 (2003). Although in a different context, the Supreme Court has approved longer detentions. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a six-month period of detention of an alien who had been ordered removed was presumptively constitutional). Mr. Pina Meza has been detained since July 27, 2026. (Doc. 1 ¶ 29). Based on the court's order, he will receive an individualized bond hearing by August 13, 2026. The court cannot conclude that the detention of an alien who is unlawfully in the country for just over two weeks with no bond hearing "shocks the conscience." So the court **WILL DENY** Count Two.

4.  Count Three

Count Three alleges that Mr. Pina Meza's detention violates his procedural due process rights. (Doc. 1 ¶¶ 50–56). Mr. Pina Meza seeks only a bond hearing under this claim. (*See id.* ¶ 56). Respondents argue that Mr. Pina Meza's bond hearing will provide him with adequate notice and an opportunity to be heard. (Doc. 9 at 8–9). The court agrees with Respondents.

For an alien's entitlement to due process, the Supreme Court has distinguished between those physically present in the United States and those "on the threshold of initial entry." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *Zadvydas*, 533 U.S. at 693 ("[O]nce an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."). Because Mr. Pina Meza has been physically present in the United States for several years after his parole expired, the Due Process Clause applies to him. *Zadvydas*, 533 U.S. at 693; *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings."); (doc. 1 ¶¶ 27–29). Consequently, Respondents may not deny Mr. Pina Meza notice and an opportunity to be heard. *See Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903).

Mr. Pina Meza does not argue that he is entitled to process beyond the bond hearing that the court grants. (Doc. 1 ¶ 56). Because Mr. Pina Meza does not seek immediate release based on an alleged procedural due process violation, the court will not grant him any further relief than that already ordered. So the court **WILL GRANT** Count Three to the extent Mr. Pina Meza seeks a bond hearing and **WILL DENY** Count Three to the extent he seeks immediate release.

7

5. Count Four

Count Four alleges that Respondents violated a binding, class-wide judgment issued by the Central District of California in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025). (Doc. 1 ¶¶ 57–62). But on March 6, 2026, the Ninth Circuit entered an administrative stay of the order "insofar as the district court's judgment extends beyond the Central District of California." *See Maldonado Bautista v. Dep't of Homeland Sec.*, No. 26-1044, Doc. 5.1 at 1 (9th Cir. Mar. 6, 2026). On March 31, the court granted the government's motion to stay the district court's pending appeal because the government had "made a strong showing that it is likely to succeed on its position that the district court exceeded its jurisdiction in certifying a nationwide class." *See Maldonado Bautista v. Dep't of Homeland Sec.*, No. 26-1044, Doc. 17.1 at 2 (9th Cir. Mar. 31, 2026). Accordingly, the court **WILL DENY** Count Four.

## III.   CONCLUSION

For the reasons above, the court **WILL GRANT IN PART** and **DENY IN PART** Mr. Pina Meza's § 2241 petition.

The court **GRANTS** the petition based on Count One and Count Three. The court **ORDERS** Respondents to either (1) provide Mr. Pina Meza an individualized bond hearing **on or before August 13, 2026** or (2) release him from custody. Subjecting Mr. Pina Meza to mandatory detention is unlawful; therefore, if Respondents are unable to ensure a timely and meaningful bond hearing that

Mr. Pina Meza is entitled to under § 1226(a), they must release him under reasonable conditions of supervision. Mr. Pina Meza's counsel must receive at least forty-eight hours' notice of the hearing, but only if he enters his appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice.

The court **DIRECTS** Respondents to file a notice **on or before August 15, 2026** reporting on the results of the individualized bond hearing or informing the court that Mr. Pina Meza has been released from custody.

The court **DENIES** all remaining requested relief. The court also **DENIES AS MOOT** Mr. Pina Meza's motion for an order to show cause. (Doc. 3).

The court retains jurisdiction to effectuate this order. The court **DIRECTS** the Clerk to enter judgment in Mr. Pina Meza's favor and close this file. The court will enter a separate final judgment consistent with this opinion.

**DONE** and **ORDERED** this August 6, 2026.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE